KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
───
(202) 326-7900
FACSIMILE:
(202) 326-7999

June 26, 2020

*Via ECF*

Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-02739;
                *Eton Park Capital Mgmt. v. Argentine Republic*, No. 16-cv-08569

Your Honor:

    I write as directed by the Court's June 5th opinion and order, as subsequently extended on June 19th, which requires the parties to provide their positions regarding next steps in this proceeding by June 26, 2020.  We have met and conferred with counsel for the Defendants and unfortunately have not been able to reach agreement on a path forward.

    <u>Plaintiffs' approach:  A traditional discovery schedule to move the case forward</u>

    Plaintiffs propose that the Court order brisk fact and expert discovery in both of the consolidated cases.  None of the parties has identified any need for significant fact discovery in a dispute that, as the Court recently observed, involves "relatively standard factual allegations of breach of the YPF By-laws."  Dkt. 161 at 39.  Expert discovery will allow the parties to address (among other things) damages and remaining issues of Argentine law.  Accordingly, we believe that comprehensive discovery can be done expeditiously.  In subsequent summary judgment briefing, the Court can then consider liability and damages — and, undoubtedly, yet more arguments by Defendants for dismissal — on a developed record.  As the Court also observed in its recent decision, "this action has been pending in New York for nearly five years, and both parties have spent untold amounts of time and money pressing their various positions in this forum."  *Id.* at 40 n.15.  It is time for this litigation to proceed expeditiously toward final resolution.  Plaintiffs' proposed schedule is as follows:

- Close of Fact Discovery:  November 16, 2020
- Opening Expert Reports:  December 21, 2020

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Loretta A. Preska
June 26, 2020
Page 2

- Rebuttal Expert Reports:  January 25, 2021
- Reply Expert Reports:  February 8, 2021
- Close of Expert Discovery:  February 22, 2021
- Motions For Summary Judgment:  March 8, 2021
- Oppositions to Motions for Summary Judgment:  March 29, 2021
- Replies in Support of Motions for Summary Judgment:  April 9, 2021
- Trial:  June 2021

Defendants' proposed approach:  More rounds of motion practice

In the parties' meet-and-confer communications, Defendants indicated that they intend to propose beginning with "expert discovery" on "threshold issues of foreign law" to be followed by dispositive motions limited to those issues, without allowing the rest of the case to move forward.  In substance, of course, that is nothing more than a request for yet another round (the third such round) of expert-supported defense motions addressed to the sufficiency of the complaint, which the Court has already considered carefully and ruled on decisively.

We respectfully submit that Plaintiffs will demonstrate that they are entitled to judgment as a matter of Argentine law based on undisputed facts that establish Defendants' breach of contract.  We do, however, recognize — indeed, the parties appear to agree — that some limited discovery is necessary.  Accordingly, the prudent and typical course at this stage is to allow streamlined discovery on the remaining issues in the case before proceeding to Rule 56 motions.  Defendants' phased approach to this case has resulted in the postponement of *any* fact discovery for nearly five years, despite the ordinary rule that discovery should proceed while motions to dismiss are pending.  *See*, *e.g.*, *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (requiring good cause to stay discovery pending motion to dismiss).

Argentina's strategy of delay

Argentina has made no secret of its strategy in this case — to "delay" judgment "as much as possible."[1]  That is financially sensible for Argentina, which has also intimated that it expects ultimately to face a multi-billion dollar liability in this case.[2]  The reality is that Argentina

---

[1] *E.g.*, *YPF confía en que el fondo Burford perderá el juicio de u$s 3000 millones por la estatización*, El Cronista (Oct. 30, 2018) (translated from Spanish), https://goo.gl/QqmzNQ.

[2] *See* Statement of Axel Kicillof before Comisiones de Minería, Energía y Combustibles y de Presupuesto y Hacienda of Argentine Senate, Mar. 13, 2014, at 31 (acknowledging the offer process required under the bylaws and taking view that, at the time of the takeover, 51% of the company would have merited a $10 billion offer); Guillermo Nielsen, *Las elecciones y el futuro de la diplomacia financiera argentina*, El Cronista (Feb. 14, 2019), https://bit.ly/31cZmXj (current YPF President

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
June 26, 2020
Page 3

approaches its numerous foreign litigation encounters in a very clear-eyed and consistent way: it seeks to arbitrage lower pre-judgment interest rates against its own higher cost of borrowing. This is not unique to this case; it is a recurring pattern of conduct, and it makes sense, because the yields on Argentine debt are much higher than New York's prejudgment interest rate. It is worth literally hundreds of millions of dollars to Argentina to slow walk this case.

However, while that approach makes sense for Argentina, it injures Petersen's creditors, who have already been waiting eight years for compensation, and the Court should set a brisk schedule to bring this matter to a conclusion.

Criminal proceedings in Argentina:  correcting the record

While not wishing to burden the Court with a separate letter following the release of its recent opinion, we nonetheless did not want to let sit a misapprehension in that opinion about Plaintiffs' conduct, on which the Court turned a critical eye.  Defendants told the Court that "Petersen" has appeared in the Argentine criminal proceedings "multiple times" and had full access to the investigative file since 2018, and the Court appeared to accept those representations.  Reply Br., Dkt. 154, at 10, 11 (quoted in this Court's opinion at 24).  But that is not the "Petersen" that is before the Court.  The Petersen Plaintiffs here are the Spanish companies named in the complaint, which are in receivership under the supervision of Mr. Álamo, the receiver appointed by the Spanish court, and the reality of the economics here is that recovery for the bankruptcy estates will flow to the syndicate of international banks that financed those companies and are the secured creditors.

The equity holders in those companies — who realistically are unlikely to receive any distribution from the bankrupt estates — have eschewed any involvement in these proceedings (likely due to political concerns in Argentina) and are not cooperating with counsel in this case or the receiver.  It is those equity holders that have been actively engaged in the Argentine criminal proceedings and that defendants have also (misleadingly) called "Petersen."  *See* Exh. C to Langer Decl., Dkt. 155-3, at 85 (submission by Petersen Inversiones Spain S.A.U. and Petersen Energía Inversora Holdings S.A.U., the "shareholders of" the distinct Spanish entities before the Court).  Indeed, counsel and Mr. Álamo did not even *learn* of the criminal case until late last year, and no one involved with the case before this Court has ever appeared in the criminal proceedings or even had complete access to the court file (which is why Mr. Freeland was unable to review the entire file).  *See* Álamo Decl., Dkt. 126, ¶ 5.  Obviously, nothing turns on this clarification given the Court's decision on the motion, and we do not seek any revision to the Court's opinion, but we did want to clarify the record for the sake of our and our clients' credibility before the Court.

---

Guillermo Nielsen:  opining that prior government "turned its back on the financial markets and the commitments entered into," including "the 'renationalization of Repsol-YPF' where the company's By-Laws were ignored" and that "[a]ll these conflicts are costly").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
June 26, 2020
Page 4

                                            Respectfully submitted,

                                            /s/ *Mark C. Hansen*
                                            Mark C. Hansen

cc:   All counsel of record