UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U., | |
| Plaintiffs, | 15 Civ. 2739 (LAP) |
| -against- | |
| ARGENTINE REPUBLIC and YPF S.A., | |
| Defendants. | |
| ETON PARK CAPITAL MANAGEMENT, L.P. et al., | |
| Plaintiffs, | 16 Civ. 8569 (LAP) |
| -against- | ORDER |
| ARGENTINE REPUBLIC and YPF S.A., | |
| Defendants. | |

LORETTA A. PRESKA, Senior United States District Judge:

During the December 22, 2020 conference, Plaintiffs'
counsel asked the Court to reconsider the Court's order, dated
November 23, 2020, in which it directed the Petersen Plaintiffs
to produce all documents responsive to Defendants' document
requests, including any documents in the possession, custody, or
control of the Eskenazi family, and to make the Eskenazis
available for deposition (Order, dated Nov. 23, 2020 [dkt. no.
219 in 15-cv2739; dkt. no. 158 in 16-cv-8569)], at 2).  The

1

Court denies Plaintiffs' counsel's request for reconsideration and writes to reiterate the basis for its November 23 ruling.

Federal Rule of Civil Procedure Rule 34(a) provides that a party may serve a request for the production of documents that are in the possession, custody, or control of the party upon whom the request is served.  Fed. R. Civ. P. 34.  In determining whether a party has "possession, custody, or control" for the purposes of Rule 34(a), the Court may consider the "practical ability to obtain the documents from a non-party to the action." Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 149 (S.D.N.Y. 1997).  In making this determination, courts may evaluate the degree of cooperation between the party and non-party and whether the non-party has a financial interest in the outcome of the litigation, which may further incentivize cooperation.  Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y. 1992).  Non-parties should bear in mind that a "potential beneficiary of any judgment for plaintiffs . . . may fairly be expected to bear certain burdens in carrying out discovery."  Id. at 526 n.9.

As to depositions, an officer, director, or managing agent of a corporate party may be required to give testimony under Federal Rule of Civil Procedure Rule 30(b)(1). Fed. R. Civ. P. 30(b)(1).  "Although typically a corporation cannot be required to produce a former officer or agent for deposition, this rule

is not woodenly applied.  Rather, courts within and without this
district have adopted a 'practical' approach 'that focuses not
only on the formal connection between the witness and the party
at the time of the deposition, but also on their functional
relationships.'"  Dubai Islamic Bank v. Citibank, N.A., No. 99
CIV. 1930, 2002 WL 1159699, at *3 (S.D.N.Y. May 31, 2002)
(citing, among other cases, United States v. Afram Lines (USA),
Ltd., 159 F.R.D. 408, 414 (S.D.N.Y. 1994) (Independent Prods.
Corp. v. Loew's, Inc., 24 F.R.D. 19, 26 (S.D.N.Y.1959)(upholding
deposition notices of former officers of plaintiffs who stood
"ready to serve plaintiffs" despite severance of formal ties)).

Here, Petersen's witness testified that the Eskenzis
created the Eskenazi-owned Petersen entities, with no employees
or operations, for the specific purpose of acquiring shares of
YPF.  (See Ex. 1 to Defendants' Letter, dated November 20, 2020
("Betancor Tr."), at 187:24-188:6.)  The Eskenazis have
consulted with Burford on the litigation strategy in this case
and met with Burford's representatives on multiple occasions to
do so.  (See Ex. 3 to Defendants' Letter, dated November 20,
2020 ("Bogart Tr.") at 122:5-123:18.)  Importantly, although
Plaintiffs argue that there are creditors ahead of the Eskenazis
in line who will collect on any financial recovery first, they
do not dispute that the Eskenazis stand to benefit financially
from the recovery sought here.  Moreover, the undisputed facts--

including the Petersen bankruptcy receiver's offer to make the
company's former representatives available to potential buyers
of its claims in 2014 and, more recently,[1] Plaintiffs' counsel's
representations about the Eskenazis' counsel's willingness to
provide voluntary discovery--further imply a practical ability
to produce the discovery.  Accordingly, the Court determined
that the Petersen Plaintiffs should produce the documents in the
possession of the Eskenazis that are responsive to Defendants'
discovery requests and to make the Eskenazis available for
deposition.

       In asking that the Court reconsider its November 23, 2020
order, Plaintiffs' counsel raises no new facts--only the self-
serving _ipse dixit_ that Plaintiffs are without power over the
Eskenazis--or law that the Court overlooked.[2]

       In any event, Plaintiffs' request for reconsideration is
both untimely and procedurally improper.  Plaintiffs had 14 days

---

[1] The Court notes that it was only _after_ its November 23 order directing
the Petersen Plaintiffs to produce all documents responsive to
Defendants' requests, including those in the possession, custody, and
control of the Eskenazis, and to make the Eskenazis available for
depositions, the Eskenazis' lawyer miraculously surfaced and offered
to negotiate to effect a voluntary production of documents.  This
supports the Court's earlier inference of practical cooperation
between the Eskenazis and the Petersen Plaintiffs.
[2] Plaintiffs citation during the December 22 conference to Zenith
Elecs. LLC v. Vizio, Inc., No. M8-85, 2009 WL 3094889 (S.D.N.Y. Sept.
25, 2009), which decided a different issue of whether "a subpoenaed
domestic corporation can be compelled to produce documents held by a
foreign affiliate" and found that the party seeking discovery provided
no factual basis to demonstrate control, is of no moment.

from November 23, 2020 to file a notice of motion for
reconsideration with a memorandum setting forth the issues that
counsel believes the Court overlooked.  S.D.N.Y. Local Civ. R.
6.3.  Plaintiffs did neither, instead asking the Court to
reconsider its ruling at a conference a month later and doing so
orally.  This provides an independent basis for the Court's
denial of Plaintiffs' request for reconsideration.

Accordingly, the Petersen Plaintiffs' oral request during
the December 22 conference for reconsideration of the Court's
November 23 order (Order, dated Nov. 23, 2020 [dkt. no. 219 in
15-cv2739; dkt. no. 158 in 16-cv-8569)]) is denied.

**SO ORDERED.**

Dated:   New York, New York
         December 28, 2020

_Loretta A. Preska_____
LORETTA A. PRESKA
Senior United States District Judge