UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U.,<br><br>         Plaintiffs,<br><br>    -against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>         Defendants. | Case Nos.:<br><br>1:15-cv-02739-LAP<br>1:16-cv-08569-LAP |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P.,<br><br>         Plaintiffs,<br><br>    -against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>         Defendants. | |

**PLAINTFFS' REPLY IN SUPPORT OF PRE-MOTION CONFERENCE LETTER
AND REPORT REGARDING STATUS OF DISCOVERY**

| KING & SPALDING LLP | KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. |
|---|---|
| Israel Dahan | |
| Laura E. Harris | Mark C. Hansen |
| 1185 Avenue of the Americas | Derek T. Ho |
| New York, New York 10036 | Andrew E. Goldsmith |
| | 1615 M Street, N.W., Suite 400 |
| Reginald R. Smith *(pro hac vice)* | Washington, D.C. 20036 |
| 1100 Louisiana Street | |
| Houston, Texas 77002 | |

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U.,
Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*

Plaintiffs respectfully submit this reply in anticipation of the February 18, 2021 status conference.  Much of Defendants' submission, *Petersen* Dkt. No. 284, is irrelevant to the three issues before the Court: Defendants' deficient document productions, in particular with respect to their affirmative defenses; YPF's baseless refusal to produce individual custodians' documents until it obtains their consent; and how much time is needed for the completion of discovery.

First, Defendants inform the Court (at 16) that they will produce "documents relevant to" their affirmative defenses, but hours before filing their submission YPF told Plaintiffs in a letter that they will produce only documents "supporting" those defenses, Ltr. from M. Goodman to L. Harris at 4 (Feb. 17, 2021), Ex. 1.  The latter is insufficient, and the Court should order both Defendants to comply with the representation in their submission.  As to the parameters of their searches, the Republic asserts (at 3) that it was in the process of responding to the issues Plaintiffs raised when they filed their status report and pre-motion conference letter.  Assuming the truth of that convenient assertion, Plaintiffs raised these questions with the Republic on December 2, 2020.  *See* Ltr. from L. Harris to Counsel for Republic (Dec. 2, 2020), Ex. 2.  The pandemic does not justify waiting 11 weeks before, for example, "determin[ing] whether email exists" for the individuals Plaintiffs identified, as the Republic now says (at 15) it is doing.  The Court should not endorse Defendants' apparent strategy of (at best) slow-rolling their document productions until Plaintiffs raise their deficiencies with the Court.

Second, YPF plays word games with respect to its manufactured need to obtain consent from custodians.  YPF insists (at 9) that it is not "withholding" documents; it instead has "sought the consent of document custodians prior to producing their documents."  That is a distinction without a difference.  Plainly, YPF possesses, but will not produce, the documents.  The Court

should order YPF to cease the consent charade and produce the documents in its possession. The broad provisions of Argentine law that YPF cites (at 9 n.4) do not require YPF to obtain consent first. On their face, these provisions do not address employee consent or otherwise support YPF's claim. *See* Exs. 3-6.[1] Even if they did, YPF has no answer to the cases Plaintiffs cited requiring YPF to produce without waiting for consent. *See* Dkt. No. 279 at 7.

YPF attempts (at 10-11) to blame Plaintiffs for their delay with respect to documents of the four Eskenazi family members and Mauro Dacomo. When YPF asked Plaintiffs to obtain those individuals' consent, Plaintiffs promptly conveyed the request to counsel for Grupo Petersen. Ltr. from A. Goldsmith to L. Lopez (Nov. 2, 2020), Ex. 7. As YPF notes (at 10), it has made the request again of their U.S. counsel, Steven Reisberg. In any event, YPF should produce the documents without waiting for consent. In addition, YPF should explain why it is apparently producing for only 12 custodians – the Eskenazis, Dacomo, and seven others, *see* Dkt. No. 284 at 10 – ▮▮▮▮▮▮▮▮▮▮ claimed by its 30(b)(6) designee, *see* O'Durnin Tr. 63, Ex. 8.

Third, a one-month extension of the discovery schedule is sufficient provided the parties and the witnesses proceed in good faith and with expedition to complete discovery. Defendants have had Plaintiffs' requests since August, and the Eskenazis have had Defendants' requests since October. This discovery is in process, as we reported last Thursday to the Court. It is past time that fact discovery is completed.

---

[1] Article 19 of the Argentine Constitution, for example, merely states that "private actions of men which are in no way contrary to public order or morality and are not injurious to a third party, are reserved solely to God and are exempt from the authority of judges." Ex. 3 at 1, 4.

3

Defendants attempt to create a fourth issue out of the discovery from the Eskenazis. But there is no request before the Court for any intervention with respect to them.[2] As Plaintiffs explained (at 11-17), the production of documents and provision of testimony from the Eskenazis is ongoing, largely thanks to Plaintiffs' efforts as described in our status report submitted last Thursday. Plaintiffs repeatedly asked Mr. Reisberg to attend the February 18 conference, but he has declined.

| | |
|---|---|
| DATED: February 17, 2021 | By: */s/ Mark C. Hansen* |

| | |
|---|---|
| Israel Dahan | Mark C. Hansen |
| Laura E. Harris | Derek T. Ho |
| KING & SPALDING LLP | Andrew E. Goldsmith |
| 1185 Avenue of the Americas | KELLOGG, HANSEN, TODD, |
| New York, New York 10036 |    FIGEL & FREDERICK, P.L.L.C. |
| Phone: (212) 556-2114 | 1615 M Street, N.W., Suite 400 |
| Fax: (212) 556-2222 | Washington, D.C. 20036 |
| Email: idahan@kslaw.com | Phone: (202) 326-7900 |
| Email: lharris@kslaw.com | Fax: (202) 326-7999 |
| | Email: mhansen@kellogghansen.com |
| Reginald R. Smith *(pro hac vice)* | Email: dho@kellogghansen.com |
| KING & SPALDING LLP | Email: agoldsmith@kellogghansen.com |
| 1100 Louisiana Street | |
| Houston, Texas 77002 | |
| Phone: (713) 751-3200 | |
| Fax: (713) 751-3290 | |
| Email: rsmith@kslaw.com | |

*Counsel for Plaintiffs Petersen Energía Inversora, S.A.U., Petersen Energía, S.A.U., Eton Park Capital Management, L.P., Eton Park Master Fund, Ltd., and Eton Park Fund, L.P.*

---

[2] Defendants, the day before the status conference, request an order compelling Plaintiffs to provide discovery from the four members of the Eskenazi family. That request is inappropriate because it fails to comply with the Court's rules for pre-motion letters, which allow three business days for a response, rather than a matter of hours. It is also unnecessary given the ongoing discovery from the Eskenazis that is described in our February 11 status report.