UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. and PETERSEN ENERGÍA, S.A.U.,<br><br>               Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>               Defendants. | 15 Civ. 2739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P., ETON PARK MASTER FUND, LTD., and ETON PARK FUND, L.P.,<br><br>               Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>               Defendants. | 16 Civ. 8569 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of the parties' papers regarding Plaintiffs' motion to seal (1) the motion for injunction and turnover ("Turnover Motion") and accompanying documentation, (2) "all other papers" relating thereto, and (3) the motion to seal and related filings.[1] The Court is also in receipt of letters

---

[1] (See Pls.' Notice of Mot. to Seal, dated Apr. 1, 2024 [dkt. no. 544]; Pls.' Mem. of Law in Supp. of Mot. to Seal ("Pls.' Br."), dated Apr. 1, 2024 [dkt. no. 545]; Arg. Mem. of Law in Opp. to Pls.' Mot. to Seal ("Def.'s Br."), dated Apr. 12, 2024 [filed under seal]; Pls.' Reply in Supp. of Mot. to Seal ("Pls.' Reply"), dated Apr. 16, 2024 [dkt. no. 552].)

between YPF S.A. and Plaintiffs regarding the sealing motion. (Dkt. nos. 550, 551.)[2]  For the reasons set forth below, Plaintiffs' motion to seal, (dkt. no. 544), is DENIED.

I.  **Access to Judicial Documents**

Pursuant to the First Amendment and common law, the public has a qualified right of access to judicial documents.  See Doe v. Lerner, 688 F. App'x 49, 50 (2d Cir. 2017).  The parties do not dispute that documents relating to Plaintiffs' Turnover Motion are clearly judicial documents, (Pls.' Br. at 3-4; Def.'s Br. at 2), and the public therefore has a presumed right of access thereto.  As the Court of Appeals has explained, "[t]he presumption of access is based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice."  Olson v. Major League Baseball, 29 F.4th 59, 87 (2d Cir. 2022) (quoting United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1048 (2d Cir. 1995)).

Where, as here, the documents at issue are judicial documents, the Court of Appeals has articulated two additional steps to determine whether sealing is appropriate.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).  First, courts must determine the weight of the presumption of access, which is

---

[2] Docket entry numbers refer to the lead case, Petersen Energía Inversora, S.A.U. v. Argentine Republic, Case No. 15-cv-2739.

2

governed by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Amodeo II, 71 F.3d at 1049.  The presumption is strongest where the documents at issue are "used to determine litigants' substantive rights." Lugosch, 435 F.3d at 121.  Here, Plaintiffs seek to seal "all filings, submissions[,] and other papers related to their Turnover Motion." (Pls.' Br. at 3.)  As the documents at issue contain all facts and legal arguments needed to adjudicate Plaintiffs' Turnover Motion, such documents are "used to determine litigants' substantive rights" and are accorded the strongest presumption of access.

Courts are then directed to balance competing interests and to determine whether factors counseling against public access outweigh the presumption thereof. Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020).  Courts must render "specific, on-the-record findings that sealing is necessary to preserve higher values," and any sealing order must be "narrowly tailored to achieve that aim." See Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019) (citation omitted).  Such "higher values" may include "personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information." In re Lifetrade Litig., No. 17-CV-2987 (JPO)(KHP), 2023 WL 6160520, at *2 (S.D.N.Y. Sept. 21, 2023).

For the following reasons, the Court finds that Plaintiffs' proffered reasons for sealing, that is, that disclosure of the Turnover Motion would "likely" impede a commercial resolution of the judgment, encourage a slew of copycat suits, and diverge from this Court's sealing order in Attestor Master Value Fund LP v. Republic of Argentina, do not outweigh the strong presumption of public access to such materials.

Plaintiffs argue first that public access to the Turnover Motion and related papers would "likely" impede the parties' ability to negotiate a commercial resolution of the $16.1 billion judgment. (Pls.' Br. at 4.) Plaintiffs acknowledge, though, that "Argentina has to date been unwilling to discuss resolution," such that no commercial resolution is currently underway and future discussions are, at this point, aspirational. (See id.)

Plaintiffs also argue that disclosure of the Turnover Motion might encourage copycat suits seeking the same relief, which could in turn preempt Plaintiffs' enforcement efforts and overwhelm the courts. (Id. at 4-5.) Plaintiffs assert that "[i]t would be grossly unfair" if a different judgment creditor could "establish priority over Plaintiffs by copying [Plaintiffs'] Turnover Motion and then relying on the vagaries of the respective courts' calendars." (Id.) In weighing such countervailing interests, courts consider the extent to which the subject matter at issue is

traditionally considered private versus public and the nature and degree of the injury.  Amodeo II, 71 F.3d at 1051.

Although the Court acknowledges the importance of timing to Plaintiffs' enforcement efforts, a desire to maintain a competitive financial advantage is not a traditionally private matter.  The anticipated injury – that is, the loss of both expended resources and potential recovery – is sizeable but speculative.  It is no secret that the Republic holds, and has held for years, a controlling interest in YPF S.A.  Nor is it a secret that Plaintiffs obtained a $16.1 billion judgment against the Republic in September of 2023.  (See dkt. no. 498.)  The Republic's other judgment creditors have known now for seven months that Plaintiffs would one day move to enforce the judgment, and they could have chosen to commence their own enforcement proceedings in the interim.  Even this Court previously identified the Republic's 51% equity stake in YPF S.A. as a source of value that could be pledged to secure the Republic's bond pending appeal.  (Dkt. no. 527 at 8-9.)  Because all of this information has been publicly available for some time, the Court is not persuaded by the parade of horribles that Plaintiffs proffer.

These same considerations dilute the potency of Plaintiffs' judicial efficiency argument.  As other judgment creditors could have used the same publicly available information to begin enforcing their judgments, the Court is unpersuaded that

5

disclosure of the Turnover Motion and its contents would induce a race to the Courthouse. Accordingly, the Court finds that the interests identified by Plaintiffs, while important, do not outweigh the presumption of public access to documents relating to the Turnover Motion.

Plaintiffs also argue that sealing is merited here because the Court granted similar relief in Attestor. (Pls.' Br. at 2-4.) Curiously, though, Plaintiffs' Reply asserts that Plaintiffs "do not take a particularly strong view" on sealing, "as long as [the Court] applies a consistent standard." (Pls.' Reply at 1.) In Attestor, the Court granted a sealing motion submitted jointly by both parties due to (1) the sensitivity of the financial information, and (2) the negotiations described in the parties' papers. Neither of the bases on which the Court relied in rendering its determination is present here. Thus, there is no inconsistency.

**II. Conclusion**

Accordingly, Plaintiffs' motion to seal [dkt. no. 544] is DENIED. Plaintiffs shall file the Turnover Motion and accompanying documents, and the Republic shall file its opposition to the sealing motion, on the public docket no later than April 22, 2024.

The Clerk of the Court is directed to close the open motions at dkt. no. 544 in Civil Case Number 15-cv-2739 and dkt. no. 472 in Civil Case 16-cv-8569. The Clerk of the Court is also directed

to unseal docket entries 545 and 552 in Civil Case Number 15-cv-2739 and docket entries 473 and 478 in Civil Case Number 16-cv-8569.

**SO ORDERED.**

Dated:     April 19, 2024
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge