# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 25, 2024

<u>Via ECF</u>

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY  10007.

       Re:  *Petersen Energía Inversora S.A.U.* v. *Argentine Republic*, No. 15 Civ. 2739 (LAP) ("*Petersen*"); *Eton Park Capital Mgmt.* v. *Argentine Republic*, No. 16 Civ. 8569 (LAP) ("*Eton Park*")

Dear Judge Preska:

      On behalf of the Argentine Republic (the "Republic"), I respond to Plaintiffs' September 20, 2024 letter regarding modifications to the protective order in this case (*Petersen* ECF No. 663).  Plaintiffs' wholesale rejection of the Republic's modest revisions is unwarranted, and the Court should deny Plaintiffs' request for entry of their proposed protective order and enter an order that reflects the Republic's proposals.[1]

      Plaintiffs say they "regret burdening the Court with this matter yet again" (Ltr. at 1), but they continue their pattern of running to Court without

---

[1] The Republic has no objection to the edits proposed by YPF, which are reflected in Exhibit 4 to Plaintiffs' Letter.  The Republic is therefore submitting with this response two alternative proposed orders:  one reflecting only the Republic's revisions and the other including both the Republic's and YPF's proposed revisions.  (*See* Exs. A, B (Republic's revisions in clean and redline); Exs. C, D (Republic's and YPF's revisions in clean and redline).)  The Republic also has no objection to YPF's suggestion (*see* Pls.' Ex. 5 at 3) that the Republic and Plaintiffs enter into a new protective order relating solely to enforcement proceedings.

The Honorable Loretta A. Preska                                                                                    -2-

meaningfully conferring on the issues that they raise.  On August 1, 2024, Plaintiffs filed a letter-motion asking the Court to enter a modified proposed protective order without waiting for the Republic's counter-proposal.  (*Petersen* ECF No. 599 at 2–3.)

In their reply letter and at the September 3, 2024 hearing, Plaintiffs raised a single disputed issue:  the Republic's proposal for protecting confidential material filed in foreign jurisdictions that do not allow for sealed filings.  (Sept. 3 Tr. 83:1–6.)  The Court originally understood Plaintiffs' proposal to be that the parties would maintain the confidentiality of documents in such jurisdictions by agreement.  (*Id.* at 81:13–82:4 ("I thought it said that the parties will take steps.").)  When it became clear that such a confidentiality agreement was *not* Plaintiffs' proposal, the Court directed the parties to confer about the protective order and suggested that the parties resolve their differences with an agreement that would keep information filed in foreign proceedings confidential without the need for Court intervention.  (*Id.* at 82:2–4 (THE COURT:  "[T]hat should be the modification, rather than coming back and asking for an order specifically each time anybody wants to use it."); *id.* at 82:23–25 (agreeing that modification should be "[s]omething like" "the parties will agree to keep it confidential"); *id.* at 84:2–6 (THE COURT:  "There is no reason it should not be used with the understanding that steps will be taken to keep it confidential."); *see also id.* at 81:17–19 (THE COURT:  "I can't believe that counsel won't agree in the foreign proceedings to maintain confidentiality by agreement.").)

Plaintiffs refused to make any changes to their proposed order in response to the Court's guidance.  On September 13, 2024, the Republic provided edits to Plaintiffs' proposed protective order.  These edits conform to the Court's direction that the parties protect the Republic's confidential materials by agreement in jurisdictions where such protection is not available under local rules.[2]  On a September 18, 2024 call to discuss these and YPF's proposed revisions to the protective order, Plaintiffs refused to consider any compromises or middle ground.  Plaintiffs then prepared the Appendix to their September 20 Letter by responding to the Republic's outdated August 13 proposal instead of responding to the Republic's updated September 13 proposals.  (*See* Ltr. App'x A.)

---

[2] Plaintiffs' continued references to the Republic's supposed "obstruct[ion]" (Ltr. at 2) are baseless.  As the Republic has previously explained, legal and practical barriers prevent the Republic from paying, bonding, or otherwise securing the judgment.  (*Petersen* ECF No. 514 at 1–3; ECF No. 531.)

The Honorable Loretta A. Preska -3-

   The Republic's response to Plaintiffs' objections to specific revisions, set forth in Appendix A to Plaintiffs' Letter, is set out in the attached Appendix 1. The Republic asks the Court to deny Plaintiffs' request to modify the protective order and to enter a revised order implementing the Republic's proposed edits, which reflect the Court's instructions to the parties.

             Respectfully,

             */s/Robert J. Giuffra, Jr.*
             Robert J. Giuffra, Jr.

cc: Counsel of Record (via ECF)