KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

June 6, 2025

*Via CM/ECF*
Hon. Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Petersen Energía Inversora, S.A.U. v. Argentine Republic*, No. 15-cv-2739
   *Eton Park Capital Management, L.P. v. Argentine Republic*, No. 16-cv-8569

Your Honor:

Plaintiffs respectfully request a pre-motion conference regarding Plaintiffs' intended motion to compel Argentina to produce complete answers to Plaintiffs' Information Subpoena ("Subpoena"). Plaintiffs request the Court overrule the Republic's standing objections that Plaintiffs are not entitled to (1) discovery about assets the Republic unilaterally claims are not executable or (2) the identity of the persons with knowledge of the Subpoena responses. Plaintiffs respectfully request a hearing, at which time Plaintiffs can also be prepared to address other outstanding matters before the Court.

### I. The Republic has failed to comply with its discovery obligations

Nearly a year ago, Plaintiffs served the Subpoena on the Republic requesting basic information about its domestic and foreign assets. The Republic responded with broad objections, arguing *inter alia* that Plaintiffs are entitled to *no* information regarding assets in Argentina because that information would be "useless" to execution efforts, and refusing to provide the identity of individuals with relevant knowledge. *See* Ex. 1 at 7, 54. The Republic also asserted that Argentina had already complied with document discovery, rendering the Subpoena duplicative,

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Loretta A. Preska
June 6, 2025
Page 2

burdensome, and cumulative. Ex. 1 at 3, 6-7, 13-14, 18-19, 21-23, 25, 27, 29, 32-34, 37, 39-40, 42, 44, 46-47, 49-51, 53.

Over the next few months, the Court entered several orders and resolved various discovery disputes, making it clear that Argentina's objections to the Subpoena were meritless. For example, the Court rejected the Republic's objections to discovery of its financial accounts in Argentina and the United States, observing that the "Republic does not get to just assert that such information could not possibly lead to executable assets." ECF 703 at 3; *see* ECF 592 at 25:4-6 (similar ruling regarding military and diplomatic assets). The Court also compelled the Republic to produce additional document discovery. ECF 703 at 2-3; ECF 718 at 2.

Despite these rulings, Argentina never withdrew its objections to the Subpoena or supplemented its responses. Therefore, on May 2, 2025, Plaintiffs asked Argentina to provide complete responses. Ex. 2. Plaintiffs explained that (1) they are entitled to information about the Republic's assets, regardless of whether the Republic may unilaterally believe the assets are executable, as this Court already recognized; (2) Argentina must supplement its incomplete responses where it objected on the basis that the request was duplicative and cumulative of information provided via document productions; and (3) Argentina must withdraw plainly meritless objections to specific requests, including its objection to Question No. 31, which asks the Republic to identify the persons with knowledge of the Subpoena responses. *Id.* at 2, 4, 6. Plaintiffs also reiterated that the Republic's responses remain incomplete so long as the Republic refuses to produce information collected from personal devices and accounts, such as WhatsApp. *Id.* at 4.[1]

Argentina maintained its general and specific objections and did not offer any new information with respect to 27 of the 31 Questions in the Subpoena. Ex. 3. For the remainder, the Republic offered meager, unverified responses. *See id.* at 4, 6-8 (offering limited "supplementary production" for Nos. 7 & 9 and a "meet and confer" as to No. 20, and pointing to a public website and four previously produced records as to No. 16). To date, Plaintiffs have not received any of the promised

---

[1] Argentina has not produced any information collected from personal devices and accounts. The parties' dispute remains pending before the Court. ECF Nos. 642, 657, 658, 669, 670, 671, 675, and 677; Ex. 3 at 11.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Loretta A. Preska
June 6, 2025
Page 3

supplemental productions. With respect to information from personal accounts, Argentina noted the "matter is the subject of fully briefed discovery motions still before the Court." *Id.* at 11.

## II. The Republic's discovery tactics have facilitated delay abroad

The Republic has similarly resorted to delay and obstructionist tactics abroad to avoid enforcement of the judgment. It has consistently sought extensions of time, filed stay motions, challenged the jurisdiction of the courts, and refused service of process.[2] To advance these dilatory tactics, Argentina has relied on its representations that discovery in the United States is proceeding appropriately and that the Republic has complied with its discovery obligations here. *See* Ex. 4 at 15. And despite claiming that assets in Argentina are not executable, it has argued abroad that Plaintiffs should have opted for enforcement options in Argentina. *Id.* at 19-20.

The Republic has also consistently argued that enforcement proceedings abroad should not proceed until the Second Circuit has ruled. *E.g.*, Ex. 5 at 3, 6-8; Ex. 6 at 2. As this Court is aware, the Republic failed to expedite its appeal and sought additional time to file its Second Circuit briefing. Thus, 20 months after this Court entered judgment in Plaintiffs' favor and 19 months since the Republic filed its appeal, the appeal remains pending without an argument date.

Respectfully submitted,
*/s/ Andrew E. Goldsmith*
Andrew E. Goldsmith

cc: All counsel of record via ECF

---

[2] For example, in Luxembourg, Argentina requested a four-month extension; in the U.K., it requested three one-month extensions; in Cyprus, it requested a 45-day extension, then proposed an additional three-month extension, and later filed two separate applications that caused further delay; in Ireland, more than seven months after the Republic was served, it sought a stay; in Australia, it refused service even though it was served via diplomatic channels and Hague Convention.