## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

___

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 12, 2025

<u>Via ECF</u>

The Honorable Loretta A. Preska,
   United States District Court for the Southern District of New York,
     500 Pearl Street,
       New York, NY 10007.

      Re:   *Petersen Energía Inversora S.A.U.* v. *Argentine Republic and YPF S.A.*, No. 15 Civ. 2739 (LAP); *Eton Park Cap. Mgmt.* v. <u>*Argentine Republic and YPF S.A.*, No. 16 Civ. 8569 (LAP)</u>

Dear Judge Preska:

      Plaintiffs' August 8 opposition (Dkt. 776) to the Republic's motion for clarification or reconsideration of the Court's discovery orders on executability demonstrates why the Court should grant such relief.  Plaintiffs claim (at 2) that the Republic cannot object "based on executability concerns," except only with respect to "a particular document"—and even then, only through "a burden or proportionality objection."  In plaintiffs' telling (at 1-2), the Republic "has no right to avoid" discovery of any category of assets, even if the Republic can show that such discovery "could not possibly lead to executable assets."

      In pressing this overly broad position, plaintiffs ignore the Supreme Court's explicit instruction that parties may not seek discovery that "could not possibly lead to executable assets."  *Republic of Argentina* v. *NML Cap. Ltd.*, 573 U.S. 134, 144 (2014).  Without this Court's clarification, plaintiffs will continue to harass the Republic with intrusive and burdensome requests—for example, demanding voluminous categories of information about thousands of the Republic's debts and commercial transactions *in Argentina*, including tax debts owed to the Republic and public procurement contracts—with no plausible theory of relevance to execution.

The Honorable Loretta A. Preska                                                                                -2-

*First*, plaintiffs attack a strawman, accusing (at 1-2) the Republic of seeking authorization to avoid discovery by "unilaterally declaring that the requested information will not lead to executable assets." Not true. As the Republic stated in its opening letter, it seeks only the right to make a legal and/or factual showing that the discovery of particular categories of documents "could not possibly lead to executable assets." (Dkt. 768 at 2.) As the Supreme Court and multiple other courts have made clear (*id.* at 3-4), the Republic has every right to object on this basis. For instance, the Republic has submitted fact and expert declarations establishing that plaintiffs cannot execute upon the Republic's debts and commercial transactions *in Argentina*. (*See id.* at 3 & n.2.) Plaintiffs' claim that the Republic should not be permitted to object to discovery by category (*e.g.*, corporate tax debts owed to the Republic), but only can "object[] to the production of a *particular document* based on executability concerns," makes no sense. (Ltr. 2 (emphasis added).) If the Republic can show that discovery about tax debt (or another category) will not lead to executable assets because no Argentine court would allow attachment of such assets, this Court can rule, as courts routinely do in deciding discovery disputes. *See, e.g.*, *Techsearch Servs., Inc.* v. *Gorman*, 1999 WL 33024, at *4 (S.D.N.Y. Jan. 21, 1999) (Fox, M.J.) (conducting relevance analysis by document category).

*Second*, plaintiffs claim (at 2) that the Republic seeks an "FSIA-screening test" for discovery. Not so. The Republic asks this Court to apply Rule 26's test for *relevance*, as the Supreme Court expressly recognized in *NML*, and to assess whether categories of documents "could . . . possibly lead to executable assets." *NML*, 573 U.S. at 144. Ignoring the Supreme Court's direction, plaintiffs cherry pick from post-*NML* decisions (at 3) for the overly broad proposition that an asset's executability has literally no bearing on the scope of permissible post-judgment discovery. In quoting from *Gujarat*, plaintiffs studiously omit the next, qualifying sentence: "[T]his is not to say that post-judgment discovery is completely untethered from the concepts of attachability or executability." *Gujarat State Petroleum, Ltd.* v. *Republic of Yemen*, 2022 WL 1567464, at *8 (S.D.N.Y. May 18,

The Honorable Loretta A. Preska							-3-

2022) (Abrams, J.).[1]  Indeed, in *NML* itself, the district court directed the parties to narrow a subpoena, recognizing that information on assets in Argentina would not lead to attachable assets.  Cert. Pet. App'x 31-32, *NML*, No. 12-842 (S. Ct.); *see NML*, 573 U.S. at 138.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:	Counsel of Record (via ECF)

---

[1]	Similarly, plaintiffs' citation to the FSIA-related rulings in *Aurelius Capital Master, Ltd.* v. *Republic of Argentina*, 589 F. App'x 16, 17 (2d Cir. 2014), and *Owens* v. *Republic of Sudan*, 2020 WL 4039302, at *4-5 (D.D.C. July 17, 2020), are inapposite.  Neither decision supports plaintiffs' claim that there are *no* relevance constraints on post-judgment discovery.  Notably, in *Owens*, the court noted that an order for "broad discovery" from a prior case was limited to assets "outside the territorial limits" of the sovereign.  2020 WL 4039302, at *5.