UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGIA INVERSORA, S.A.U. ET AL., <br><br> Plaintiff, <br><br> -against- <br><br> ARGENTINE REPUBLIC ET AL., <br><br> Defendants. | No. 15 Civ. 02739 (LAP) <br><br> ORDER |
| ETON PARK CAPITAL MANAGEMENT L.P. ET AL., <br><br> Plaintiff, <br><br> -against- <br><br> ARGENTINE REPUBLIC ET AL., <br><br> Defendants. | No. 16 Civ. 08569 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:[1]

     Before the Court is YPF S.A.'s ("YPF") motion for reconsideration of the Court's September 17, 2025 order denying YPF's orders to show cause for intervention and permanent injunction, ((the "September Order") [dkt. no. 798]).[2]  Plaintiffs Petersen Energia Inversora et al. and Eton Park Capital Management L.P. et al. oppose the Motion.[3]  For the reasons set forth below, the Motion is DENIED.

---

[1] References to the docket refer to the lead case, Petersen Energia Inversora, S.A.U. et al. v. Argentine Republic et al., No. 15 Civ. 02739.

[2] (YPF Mot., dated Oct. 1, 2025 [dkt. no. 802]; YPF Mem. of Law ("YPF Mem."), dated Oct. 1, 2025 [dkt. no. 803]; YPF Reply, dated Oct. 22, 2025 [dkt. no. 825].)

[3] (Pl. Opp'n, dated Oct. 15, 2025 [dkt. no. 819].)

I.  **Applicable Law**

   a. **Motion for Reconsideration**

The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).

In this jurisdiction, motions to reconsider are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010) (citation omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citations omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." In re Eur. Gov't Bonds

<u>Antitrust Litig.</u>, No. 19 Civ. 2601 (VM), 2022 WL 2168358, at *3 (S.D.N.Y. June 16, 2022) (quoting <u>Shrader</u>, 70 F.3d at 257).

## II.  **Discussion**

YPF argues that the Court should reconsider the September Order and reverse the decision that "(1) an alter ego claim 'is not a cause of action for liability'; (2) in the Second Circuit, Plaintiffs have the option to pursue YPF's assets solely by acting against the Republic; and (3) the Republic 'can adequately protect YPF's interests' on the question of alter ego liability." (YPF Mem. at 6.)  The Court addresses in turn its prior holdings regarding jurisdiction, intervention, and res judicata.

### a. Jurisdiction

The crux of YPF's argument for reconsideration is that the Court does not have subject matter jurisdiction over YPF.  YPF states that the Court "does not consider the consequences of [<u>Petersen v.</u>] <u>Bank Markazi</u> [121 F.4th 983 (2d Cir. 2024)] and, in fact, does not address subject matter jurisdiction at all."  (YPF Mem. at 2.)  However, YPF overlooked the Court's July 29, 2025 decision from the bench, which specifically addressed <u>Bank Markazi</u>, (<u>see</u> July 29, 2025 Hearing Tr., dated July 29, 2025 [dkt. no. 772], 41:24-43:7).  Thus, in actuality, YPF is asking the Court to reconsider its July 29, 2025 decision.

Precedent details three ways a foreign instrumentality's assets can be reached: (1) a garnishment or attachment proceeding

against the instrumentality who is the third-party custodian of the sovereign's assets, in which ancillary jurisdiction extends; (2) a veil-piercing claim against the instrumentality involving "new theories of liability not asserted in the earlier suit," in which an independent basis for jurisdiction is needed; and (3) a claim against the sovereign and a motion to attach the assets of the instrumentality after finding it to be the sovereign's alter ego, which does not require an independent basis for jurisdiction. See Bank Markazi, 121 F.4th at 999 (citing Peacock v. Thomas, 516 U.S. 349, 356–59 (1996); Epperson v. Entertainment Express Inc., 242 F.3d 100, 105 (2d Cir. 2001)); see also Bank Markazi, 121 F.4th at 1000 n. 6.

In Bank Markazi, the Court of Appeals specifically left open the avenue of proceeding in the way that the parties did in Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, 333 F. Supp. 3d 380 (D. Del. 2018), aff'd and remanded, 932 F.3d 126 (3d Cir. 2019) – a claim against the sovereign and moving to attach the assets of the instrumentality after finding it to be the sovereign's alter ego.  See Bank Markazi, 121 F.4th at 1000 n. 6.

> ("The Plaintiffs rely on Crystallex International Corp. v. Bolivarian Republic of Venezuela, 932 F.3d 126 (3d Cir. 2019).  In that case, though, the plaintiffs brought their post-judgment proceeding against the foreign sovereign itself while seeking to attach assets belonging to the sovereign's instrumentality.  Unlike in this case, the district court had no need to exercise jurisdiction over a claim against the instrumentality.  But to the extent that the Crystallex court based its jurisdictional

holding on a determination that ancillary jurisdiction extends to post-judgment proceedings against a foreign sovereign's instrumentality that was not party to the underlying merits proceeding, we disagree." (emphasis added)).

The district court in Crystallex stated

this case is not "a subsequent lawsuit" to "impose an obligation to pay" an "existing federal judgment on a person not already liable for that judgment." To the contrary, it is part of the "same lawsuit" – that is, the action giving rise to the judgment against Venezuela, which has been registered in this District – and does not seek to impose any obligation on PDVSA to pay Venezuela's existing judgment, but, instead, seeks to attach property nominally belonging to PDVSA as truly belonging to Venezuela.

Crystallex, 333 F. Supp. 3d at 392. The district court went on to explain that

the Court finds it appropriate – if it finds PDVSA is Venezuela's alter ego – to view the instant case as not involving a demand that PDVSA use its "legitimately held assets" to satisfy Venezuela's judgment. Rather, the issue here is whether PDVSA's assets are, in effect, Venezuela's assets; for if they are, then this case is not correctly characterized as one in which Crystallex is attaching a third-party's property.

Id. at 393. Accordingly, the district court "view[ed] [that] case as involving garnishment, seeking only to establish secondary liability (by attaching certain specified property), rather than an action seeking to impose primary liability on PDVSA." Id. at 394. And, the Court of Appeals in Bank Markazi explicitly endorsed proceeding in this fashion when it stated that the district court in Crystallex "had no need to exercise jurisdiction over a claim

against the instrumentality." <u>Bank Markazi</u>, 121 F.4th at 1000 n. 6.

The present facts are practically identical except for two minor differences. One difference between <u>Crystallex</u> and the present case is that in <u>Crystallex</u> the instrumentality intervened and had the opportunity to object to jurisdiction and likely discovery. Here, while the Court did not allow YPF to intervene, YPF is receiving essentially the same treatment – YPF is allowed to defend itself in discovery and, in excess of caution, if the Republic moves for the Court to find YPF is an alter ego of the Republic, the Court will hear from both the Republic and YPF at that time. Additionally, the claims in <u>Crystallex</u> were fully known, whereas here the current stage is post-judgment alter ego discovery. And, while the Court currently views Plaintiffs as proceeding in the same way as <u>Crystallex</u>, option (3) outlined above, it is not clear what additional claims Plaintiffs may bring. Both differences are inconsequential. Thus, because the Court of Appeals endorsed the <u>Crystallex</u> approach and the differences between <u>Crystallex</u> and the present case are insignificant, the Court need not reconsider its prior decision regarding jurisdiction.

### b. Intervention and Res Judicata

Regarding intervention, the Court previously held that YPF's request to intervene was untimely. (Dkt. no. 798 at 8-9.) YPF

fails to address the Court's holding, (see YPF Reply at 10 n. 4), and instead insists that due process calls for a different result. (YPF Mem. at 12-14; YPF Reply at 9-11.)  As noted above, YPF will be given an opportunity to be heard if the Republic moves for the Court to find YPF is an alter ego of the Republic.  Thus, YPF's argument is an attempt to take a "second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (stating that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks and citation omitted)).

Regarding res judicata, the Court again points to Bank Markazi's endorsement of proceeding as the parties did in Crystallex, an action against the sovereign and moving to attach the assets of the instrumentality after finding it to be the sovereign's alter ego.  And, even if the Republic were to pursue a separate cause of action for liability against YPF, the Court held that "it would involve different facts, as the Court would evaluate the status of the Republic's current relationship with YPF," which is not "the same damages, for the same alleged harm, relating to the same underlying facts, that they litigated against YPF and lost in a final adjudication on the merits," and thus would not be barred by res judicata.  (Dkt. no. 798 at 10-11.)

## III.    <u>Conclusion</u>

For the reasons set forth above, the Motion is DENIED.  The Clerk of the Court is directed to close dkt. no. 802 on the No. 15 Civ. 02739 docket and dkt. no. 709 on the No. 16 Civ. 08569 docket.

**SO ORDERED.**

Dated:    November 10, 2025
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge