UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETERSEN ENERGÍA INVERSORA, S.A.U. AND PETERSON ENERGÍA, S.A.U.,<br><br>                Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC AND YPF S.A.,<br><br>                Defendants. | 15 Civ. 2739 (LAP) |
| ETON PARK CAPITAL MANAGEMENT, L.P. et al.,<br><br>                Plaintiffs,<br><br>-against-<br><br>ARGENTINE REPUBLIC and YPF S.A.,<br><br>                Defendants. | 16 Civ. 8569 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Plaintiffs' motion, (dkt. no. 911), to modify the Protective Order, (dkt. no. 674), to allow the parties to use materials obtained in discovery in these cases[1] in arbitration proceedings. This Court adopted the operative Protective Order submitted by the parties on October 10, 2024. The Protective Order provided:

> All Discovery Material produced or disclosed in connection with these Actions shall be used or further disclosed solely for the prosecution or the defense of these Actions (including any appeal therefrom) and any Enforcement Actions and shall not be used for any other

---

[1] Docket citations are to the Petersen case, No. 15-CV-2739.

1

purpose, including use in other legal actions, present or future.

(Dkt. no. 674 ¶ 2.)  As the Court observed on September 3, 2024, "there is no reason [discovery material] should not be used [in foreign jurisdictions] with the understanding that steps will be taken to keep it confidential."  (Dkt. no. 654 at Tr. 84:3-4.)

The Republic opposes the modification, arguing that Plaintiffs knew of the possibility of arbitration proceedings, (dkt. no. 913 at 1), that the Republic and third parties reasonably relied on the order, (id. at 2), and that Plaintiffs had not identified extraordinary circumstances requiring a modification, (id. at 3).  In the alternative, the Republic argues that modification should be on a document-by-document basis.  (Id. at 4.)

YPF also opposes modification, citing this Circuit's "'strong presumption against modification of a Protective Order,'" (dkt. no. 912 at 2) (quoting Errant Gene Therapeutics, LLC v. Sloan-Kettering Inst. For Cancer Rsch., 2017 WL 4641247, at *1-2, *5 (S.D.N.Y. 2017)), and also argues that Plaintiffs have not demonstrated "extraordinary circumstances" or "compelling need" for the modification, (id.).

As the Sainted Judge John F. Keenan noted in Tradewinds Airlines, Inc. v. Soros, et. al, 2016 WL 3951181 at *2 (S.D.N.Y. July 20, 2016):

> In determining whether there has been reasonable reliance on a protective order, district courts in this circuit have considered: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." In re Sept. 11 Litig., 262 F.R.D. 274, 277 (S.D.N.Y. 2009) (quoting In re EPDM Antitrust Litig., 255 F.R.D. at 318 (D. Conn. 2009)).

Here, each of these factors weighs in favor of permitting modification. First, the Protective Order is a "blanket" order covering all documents produced during litigation, not a targeted order covering only certain documents. See EPDM, 255 F.R.D. at 319. Accordingly, this factor favors modification.

Second, the Protective Order specifically provides that either party may seek changes to the order. See Protective Order ¶ 24 ("This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter."). Thus, this factor favors modification.

As noted above, the Court adopted the Protective Order submitted by the parties. Thus, the level of inquiry undertaken before entry of the order weighs in favor of the modification. See EPDM, 255 F.R.D. at 322.

Finally, the nature of the reliance on the Protective Order weighs in favor of modification because there is no indication that the Defendants relied on the Protective Order to produce

documents they would not have otherwise disclosed.  Thus, all the relevant factors weigh in favor of modification.

Even if the Republic and YPF are correct that they reasonably relied on the Protective Order, Plaintiffs have shown a "compelling need" to warrant modification.  There is always a compelling need "to avoid considerable unnecessary effort and expense." Tradewinds Airlines, 2016 WL 3951181 at *2.  Plaintiffs' claims in arbitration will undoubtedly mirror the claims in this action.  Without modification of the Protective Order, the same discovery materials will likely have to be re-requested, re-reviewed, and re-produced, needlessly causing duplication of effort and extra expense.  And, as Judge Keenan said, "importantly, because the proposed modifications maintain the same protections regarding public disclosure, there is no significant prejudice to any party." Id.

4

## Conclusion

Accordingly, in order to comply with Fed. R. Civ. P. 1 "to secure the just, speedy, and _inexpensive_ determination of every action and proceeding" (emphasis added), the Protective Order shall be modified to permit the parties to use materials obtained in discovery in these cases in arbitration proceedings.

**SO ORDERED.**

Dated:    New York, New York
          May 4, 2026

_____
LORETTA A. PRESKA
Senior United States District Judge

5